UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. LAMOTHE and DONNA
M. LAMOTHE,

                      CASE NO. 15-CV-10701
      Plaintiffs,        HONORABLE GEORGE CARAM STEEH

v.

WELLS FARGO BANK, N.A.,[1]

      Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS (DOC. #4) AND DISMISSING ACTION

Plaintiffs brought this action challenging defendant's denial of the permanent modification of their residential mortgage loan. Now before the court is defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #4). For the reasons that follow, defendant's motion will be granted.

I. BACKGROUND

In April 2006, plaintiffs purchased the home located at 44621 Aspen Ridge Drive, Northville, MI 48168. Plaintiffs obtained a loan from World Savings Bank, FSB, defendant's predecessor in interest, in the amount of $337,600.00. The loan was evidenced by a note and secured by a publicly recorded mortgage in the Wayne County Register of Deeds.

In mid-2014, plaintiffs applied for a mortgage loan modification. On May 1, 2014, defendant informed plaintiffs that they were eligible to start a trial payment period ("TPP")

---

[1] Plaintiffs incorrectly named Wells Fargo Home Mortgage as defendant. The case caption is amended to reflect the proper defendant, Wells Fargo Bank, N.A.

that had the potential of ripening into a permanent loan modification. The TPP notification stated, "[i]f you fail to provide a subordination agreement from another lender or fail to pay off a judgment lien as required, your modification may be denied even if you pay the trial period payments." (Doc. #4-5 at 4). In addition, the letter informed plaintiffs that they were required to make trial payments until a final modification was approved, and that the trial period could be extended until such time. (*Id.*). The TPP directed:

> Submitting all required documentation to be considered for a modification program is the first step. If you are eligible for a modification program, you may need to successfully complete a "trial period" by making trial period payments. Once we are able to finalize your modified loan terms near the end of this trial period, we will send you a loan modification agreement ("Modification Agreement"), which will reflect the terms of your modified loan. In addition to successfully completing the trial period, you will need to sign and promptly return to us both copies of the Modification Agreement or your loan cannot be modified.

(Doc. 8-1 at 24).

Plaintiffs made the requisite trial payments through October 2014. However, in a letter dated October 3, 2014, defendant informed plaintiffs that the loan modification would be denied because "[t]here are title issues with your property which prevents us from completing your request for assistance." (Doc. #4-6 at 2). At oral argument, defendant's counsel explained that there was a senior lien on the property that needed to be subordinated. Plaintiffs were informed that they could appeal defendant's decision and were instructed on how they could go about doing so; they did not appeal. A modification agreement was never sent to plaintiffs.

Currently, a foreclosure sale has not occurred on the property.

Plaintiffs filed this action in Wayne County Circuit Court seeking to quiet title to the property in their names. Plaintiffs allege:

    Count I        Quiet Title

    Count II       Breach Of Loan Modification Agreement

    Count III      Breach Of Agreement

    Count IV      Specific Performance

    Count V       Breach Of Duty Of Good Faith And Fair Dealing

    Count VI      Promissory Estoppel

Defendant removed the action to this court based on diversity jurisdiction, 28 U.S.C. § 1332, subsequently filing the instant motion to dismiss. Plaintiffs responded to the motion. In plaintiffs' response, they request to set aside a sheriff's sale and toll the running of the redemption period, or, alternatively, to convert the foreclosure by advertisement to a judicial foreclosure. However, there are no pending foreclosure proceedings on the property, nor have foreclosure proceedings occurred in the past.

        Defendant's motion has been fully briefed. A hearing was held on July 2, 2015. The motion is ready for decision.

## II. STANDARD OF REVIEW

        Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss,

plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (citations and quotation marks omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (citing *Bell Atlantic*, 550 U.S. at 555).

### III. ANALYSIS

Plaintiffs believe that they are entitled to a loan modification, or free and clear title to their home, based upon a misconception that by allowing them to make payments for a trial modification period, defendant committed to modifying plaintiffs' mortgage loan permanently. All of plaintiffs' claims are based on this premise. However, plaintiffs are not entitled, contractually or otherwise, to a modification of their mortgage loan based simply on defendant's agreement to allow plaintiff's to engage in a trial payment period ("TPP"). As will be explained, all of plaintiffs' claims fail to state a claim upon which relief can be granted.

*First*, the TPP is not binding on defendant because it was not signed by either defendant or plaintiffs. *Goss v. ABN AMRO Mortg. Group*, 549 F. App'x 466, 470 (6th Cir. 2013). Plaintiffs do not allege that defendant signed the TPP, and the copy of defendant's letter to plaintiffs informing them of the TPP, which is attached to the complaint and plaintiffs' response, is not signed by either party. Therefore, the TPP, to the extent that it is considered a contract to permanently modify plaintiffs' loan, is unenforceable and violates the Michigan Statute of Frauds because it is not signed by defendant. *See* Mich. Comp.

Laws 566.132(2); *see also Ellis v. Chase Home Fin., LLC*, No. 14-11186, 2014 WL 7184457, at *7 (E.D. Mich. Dec. 16, 2014) (Michelson, J.); *Etts v. Deutsche Bank Nat. Trust Co.*, No. 13-11588, 2014 WL 645358, at *10 (E.D. Mich. Feb. 19, 2014) (Goldsmith, J.); *Voydanoff v. Select Portfolio Serv., Inc.*, No. 298098, 2011 WL 6757841 (Mich. Ct. App. Dec. 22, 2011).

*Second*, even if the TPP was signed by both parties, by its explicit terms, it was not a contract for a permanent loan modification. Instead, it contemplated a modification agreement to come in the future, if and when plaintiffs complied with certain conditions, including making timely trial payments and providing requested documentation. Courts have refused to read TPP's "as promises to modify a borrower's loan." *Goss*, 549 F. App'x at 470 (citations omitted). As the Sixth Circuit recently explained, a TPP is not a promise to modify the loan; "the TPP was only an application for an offer to modify the loan agreement provided certain conditions were met." *Id.* Here, defendant informed plaintiffs that there were title issues related to the property, and, therefore, conditions precedent to modifying the loan were not met. Therefore, defendant communicated that it would not be sending plaintiffs a modification agreement. Despite defendant's written communication explaining to plaintiffs how they could challenge this decision, plaintiffs did nothing. Even if there were a contract, plaintiffs did not satisfy the terms of the contract that would allow them a permanent modification of the loan. Plaintiffs' failure to meet the requisite conditions, and their failure to take advantage of defendant's appeal process, undermines their claims that defendant acted in bad faith.[2]

---

[2] The documents that lead the court to this conclusion are appropriate for consideration on a motion to dismiss. In ruling on a motion to dismiss, the court may

*Third*, assuming the TPP was signed by both parties and created a binding contract, and that plaintiffs performed their end of the contract, it was not a binding contract for a *permanent* loan modification. Courts in this district have held that TPP's that expressly state that conditions must be met to obtain a permanent modification, as well as make reference to a future modification agreement that must be signed by both parties, are not binding contracts for a permanent loan modification. *Heikkinen v. Bank of Am., N.A.*, No. 11-12532, 2012 WL 628608, at *6 (E.D. Mich. Feb. 27, 2012) (Edmunds, J.) ("When Plaintiff signed this document, she acknowledged that it did not promise that her mortgage and note would be modified. Rather, it was merely an offer to do so if certain conditions were satisfied[.]"); *Fed. Home Loan Mortg. Corp. v. Hassell*, No. 11-14564, 2013 WL 823241, at * (E.D. Mich. March 6, 2013) (Zatkoff, J.) ("Moreover, when Plaintiff signed the Trial Plan, she acknowledged that it did not promise that her mortgage and note would be modified. Rather, it was merely an offer to do so if certain conditions were satisfied."). Instead, the contemplated future modification agreement, once signed by both parties, becomes the contract for permanent modification. Here, plaintiffs did not satisfy a required condition for a permanent loan modification because of "title issues." Therefore, they never got to the point where a permanent modification agreement was completed.

At oral argument, counsel for plaintiffs argued that the senior lien on the property was an issue outside of plaintiffs' control and could not serve as the basis for denying a

---

consider not only the complaint, but also (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may take notice, and (3) public documents. *Tallabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").

permanent loan modification. Even if the senior lien was an issue outside of plaintiffs' control, however, the TPP expressly stated, "[i]f you fail to provide a subordination agreement from another lender or fail to pay off a judgment lien as required, your modification may be denied even if you pay the trial period payments." (Doc. #4-5 at 4). Plaintiffs agreed to this provision without regard to whether obtaining a subordination agreement or paying off a judgment lien was in their control.

For these reasons, all of plaintiffs' claims fail to state a claim upon which relief can be granted. As a result of the alleged failure to abide by a permanent modification of the mortgage, plaintiffs seek to quiet title to the property in their names, asking the court to set aside the sheriff's sale and toll the redemption period. However, foreclosure proceedings have not been initiated by defendant. And even if they had been, plaintiffs have not alleged any fraud or irregularity sufficient to set aside a foreclosure sale. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013); *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 113, 115–16 (2012).

Plaintiffs also request a stay of the motion to dismiss pending discovery under Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) addresses the need for additional discovery when faced with a motion for summary judgment:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d). First, this rule applies to motions for summary judgment, not motions to dismiss that attack the pleadings. Second, even if plaintiffs could take advantage of Rule 56(d), they have not offered an affidavit or declaration stating what discovery is needed. Instead, "Plaintiffs posit that this Honorable Court permit this matter to proceed to discovery/trial and/or to a position where the parties can negotiate a settlement of this case through the already stated Loan Modification process." Pl's. Resp. Br. at 9. Plaintiffs' failure to specify the discovery needed, through affidavit or declaration, is fatal to their request. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) ("We, like other reviewing courts, place great weight on the Rule 56[(d)] affidavit, believing that '[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement . . . to set out reasons for the need for discovery in an affidavit.'").

In sum, plaintiffs' complaint is based on a misconception that they are contractually, or otherwise, entitled to a permanent loan modification. As explained above, they are not. All of the claims in plaintiffs' complaint require the court to conclude that plaintiffs were lawfully entitled to a permanent loan modification. Plaintiffs offer no other justifications and make no other arguments in support of their claims. As such, the complaint will be dismissed for failure to state a claim upon which relief can be granted.[3]

---

[3] Many of plaintiffs' claims fail for additional reasons. Count I entitled "Quiet Title" and Count IV entitled "Specific Performance" fail to state a claim because injunctive relief is a remedy, not a stand alone cause of action. *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013). Likewise, Count V entitled "Breach Of Duty Of Good Faith And Fair Dealing" is not a stand alone cause of action. *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271 (2003); *Ulrich v. Fed. Land Bank*, 480 N.W.2d 910 (1991). Plaintiffs recognize this in their response and they do not provide any contrary arguments, just boilerplate recitation of the law. In the promissory estoppel claim

IV. CONCLUSION

For the reasons stated above, defendant's motion to dismiss is GRANTED. This case is DISMISSED.

IT IS SO ORDERED.

Dated: July 2, 2015

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 2, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

(Count VI), plaintiffs argue that defendant is estopped from denying the existence of the TPP. But defendant is not denying the existence of the TPP. Defendant is simply arguing that the TPP did not create a binding and enforceable contract for a permanent mortgage loan modification.